UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MICHELLE WALLS,                )
       Plaintiff             )       Case No.4:12-CV-57
                               )
v.                             )
                               )       MATTICE/CARTER
MITTUR RAMPRASAD,              )
       Defendant.            )

REPORT AND RECOMMENDATION

I. Introduction

Plaintiff's motion for award of attorney's fees, filed pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA) (Doc. 21), is pending before the undersigned Magistrate Judge having been referred for a report and recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B). Defendant opposes the motion for fees on the following grounds: 1) Plaintiff's complaint sought relief on various state law claims, for which they are not entitled to recover attorney's fees or for work not related to the FLSA claim; 2) Plaintiff's attorneys overstaffed the case; 3) the hourly rates are excessive; 4) the travel time for attorneys should be reduced; and finally, 5) the travel time for attorneys should be reduced, and the request for fees should be reduced. For the reasons stated herein, I RECOMMEND Plaintiff's motion for attorney's fees be GRANTED and Plaintiff be awarded $15,004.00 in attorney's fees and $322.50 in expenses for a total award of $15,326.50.

II. Background

Plaintiff alleges a violation of the FLSA individually and as part of a collective action on behalf of other employees of Defendant who were denied overtime compensation. Plaintiff also asserts tort claims under state law of assault and battery and outrageous conduct (Doc 1-1,

Complaint at p. 5). The facts alleged in support of these claims are spelled out in Plaintiff's complaint, and I will not repeat them here.

Prior to the filing of the lawsuit an original demand was sent which Defendant asserts was in the amount of $120,000.00. Plaintiff in her reply argues there was no counter-offer. In any event, settlement was not reached at that stage. After the filing of the complaint and some discovery, which the Defendant asserts did not involve the taking of depositions or identification of experts, an offer of judgment was made in the amount of $2,500.00 for Plaintiff's FLSA claim. An additional $2,500.00 was paid to a second Plaintiff in the collective action, and $10,000.00 was paid for the other state law causes of action (the state law claims), for a total recovery in this case of $15,000.00. Plaintiff now seeks fees of $15,674.00.

### III. Analysis

A party seeking attorney's fees under a federal fee shifting statute bears the burden to show he or she is entitled to the amount requested. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)*; Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999). The fees requested should be documented, and, where they are not, the district court may reduce the award accordingly. *Id.* The award of attorney's fees is left to the district court's exercise of discretion within the appropriate parameters which are discussed below. *See Hensley*, 461 U.S. at 437; *Reed*, 179 F.3d at 469 n.2; *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997), *overruled in part by Pollard V.E. I. DuPont Nemours & Co.*, 532 U.S. 843 (2000) (holding front pay does not constitute compensatory damages and thus is not subject to the statutory cap on compensatory damages under 42 U.S.C. § 1981a(b)(3)).

Attorney's fees for successful litigants under federal fee shifting statutes are commonly calculated using the "lodestar" method of multiplying the number of hours reasonably expended by a reasonable hourly rate. *Web v. Board of Educ. of Dyer County, Tenn.,* 471 U.S. 234, 242 (1985); *Hensley*, 461 U.S. at 433; *Adcock-Ladd v. Secretary of the Treasurer,* 227 F.3d 343, 349 (6th Cir. 2000); *Reed*, 179 F.3d at 471. The reasonableness of the hours expended and the attorney's hourly rate must be considered on a case by case basis. *Hensley*, 461 U.S. at 429.[1]

In determining the appropriate hourly rate to apply, the district court must consider the prevailing market rate in the relevant community for the same type of work at issue. *Adcock-Ladd,* 227 F.3d at 350; *Reed*, 179 F.3d at 473. The "relevant community" for fee purposes is the legal community within the court's territorial jurisdiction. *Adcock-Ladd,* 227 F.3d at 350; *Hudson*, 130 F.3d at 1208. The "prevailing market rate" is that rate which lawyers of comparable skill and experience can reasonably expect to command within the relevant community. *Id.* That rate may not, however, exceed the amount necessary to cause competent legal counsel to perform the work required. *Coulter v. Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986); *see also Adcock-Ladd*, 227 F.3d at 349 ("The primary concern in an attorney fee case is that

---

[1] There are twelve factors which the district court may consider in determining the basic lodestar fee and whether to make adjustments thereto. *Reed*, 179 F.3d at 471; *see also Hensley*, 461 U.S. at 434 n. 9. These factors are:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Reed*, 179 F.3d at 472 n. 3; *see also Hensley*, 461 U.S. at 430 n.3.

the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers.") (citing *Reed*, 179 F.3d at 471). "Such fees are different from the prices charged well-to-do clients by the most noted lawyers and renowned law firms in a region. Under these statutes a renowned lawyer who customarily receives $250 an hour in a field in which competent and experienced lawyers in the region normally receive $85 an hour should be compensated at the lower rate." *Coulter*, 804 F.2d at 149; *see also Reed*, 179 F. 3d at 472 (same); *Hudson*, 130 F.3d at 1208 (same).

Factors particularly relevant to this case in determining whether the hours expended are reasonable include: the difficulty of the legal issues presented by the case, the skill requisite to perform the legal services properly, and the experience and ability of the attorneys. *See Hensley*, 461 U.S. at 430 n.3. Hours which are "excessive, redundant, or otherwise unnecessary," are not reasonably expended. *Id*. at 434.

While the lodestar method is the appropriate starting place for determining attorney's fees, the inquiry does not end there. *Id.* Other considerations may lead the district court to adjust the fee. *Id.* "'[T]he most critical factor' in determining the reasonableness of a fee award is 'the degree of success obtained.'" *Farrar v. Hobby,* 506 U.S. 103, 114 (1992) (citing *Hensley*, 461 U.S. at 436); *Cramblit v. Fiske*, 33 F.3d 633, 635 (6th Cir. 1994). Where the purpose of the litigation is to recover damages, then the district court must consider the amount and nature of damages awarded when determining attorney's fees. *Farrar,* 506 U.S. at 115; *see also, Adcock-Ladd*, 227 F.3d at 349; *Cramblit*, 33 F.3d at 635. Where the plaintiff achieves only partial success against the defendant, the district court must consider whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. *Hensley*, 461

4

U.S. at 434. Finally, federal fee shifting statutes do not provide for enhancements of fees in order to compensate for the risk of nonpayment when an attorney takes a case on a contingency basis. *City of Burlington v. Dague*, 505 U.S. 557 (1992) (federal fee shifting statutes which authorize a court to award "reasonable attorney's fees" to a "prevailing or substantially prevailing party" do not authorize fee enhancements for the purpose of compensating attorneys hired on a contingency basis for the risk of loss); *see also Davis v. Mutual Life Ins. Co. of New York*, 6 F.3d 367, 381 (6th Cir. 1993) (No fee enhancement due counsel for taking a case which impinges significantly on a small practice's ability to take other cases); *Coulter v. Tennessee*, 805 F.2d 146, 149 n. 4 (6th Cir. 1986) ("In short, the lodestar figure includes most, if not all, of the relevant factors comprising a 'reasonable attorney's fee,' and it is unnecessary to enhance the fee for superior performance in order to serve the statutory purpose of enabling plaintiffs to secure legal assistance") (citing *Pennsylvania v. Delaware Valley Citizen's Counsel for Clean Air*, 478 U.S. 711 (1986)).

Plaintiff has submitted a timesheet for services rendered in this case from March 5, 2012 to December 11, 2013 (*See* Doc. 24-1, p. 1-3 and Doc. 23-1, p. 1), Declarations of Kerry Knox and Stephen W. Grace, Attorneys. Plaintiff seeks $15,674.00 in attorney's fees for 374.75 hours of work. The amount of the fees plaintiff seeks is based on hourly rates of $395.00 for Stephen W. Grace and $275.00 for Kerry Knox. Time spent on the case is 36.6 hours for Mr. Knox and 14.2 hours for Mr. Grace.

1) Defendant first points out that Plaintiff's complaint sought relief on various state law claims, for which she is not entitled to recover attorney's fees or for work not related to the FLSA claim. That is correct if the services were solely related to the state law claims. This issue often comes up in cases where there were several causes of action and the plaintiff prevailed only on

5

some and not others. In that context, "'[t]he most critical factor' in determining the reasonableness of a fee award is 'the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (citing *Hensley,* 461 U.S. at 436); *Cramblit v. Fiske*, 33 F.3d 633, 635 (6th Cir. 1994). For example, where the purpose of the litigation is to recover damages, then the district court must consider the amount and nature of damages awarded when determining attorney's fees. *Farrar*, 506 U.S. at 115; *see also Adcock-Ladd*, 227 F.3d at 349; *Cramblit*, 33 F.3d at 635. Where a party achieves only partial success, the district court must consider whether the party achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. *Hensley*, 461 U.S. at 434. However, when fees and costs incurred are applicable to the claim on which the Plaintiff *did* prevail as well as to the claim on which the Plaintiff did *not* prevail, the Plaintiff is generally entitled to those fees. *Jordan v. City of Cleveland*, 464 F.3d 584, 603 (6th Cir. 2006). The Sixth Circuit in *Jordan* stated,

> … the seminal opinion in *Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) explained that when claims "involve a common core of facts" or are "based on related legal theories," the district court's rejection of certain grounds is not a sufficient reason for reducing a fee. There is no precise test for determining whether claims are related (see *id.* at 437 n. 12, 103 S.Ct. 1933), although our sister circuits have focused on "whether relief sought on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised" (see, e.g., *Schwarz v. Sec'y of Health & Human Servs.,* 73 F.3d 895, 903 (9th Cir.1995.

*Id., accord, Thurman v. Yellow Freight Sys., Inc.,* 90 F.3d 1160, 1169 (6th Cir.1996) ("When claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced.") As further explained by the *Jordan* court,

6

> [t]hat is so because litigation is not an "exact science": Lawyers cannot preordain which claims will carry the day and which will be treated less favorably. Good lawyering as well as ethical compliance often requires lawyers to plead in the alternative (see *Goos v. Nat'l Ass'n of Realtors,* 68 F.3d 1380, 1386 (D.C.Cir.1995)). Fee awards comport with that reality by giving full credit to a meaningfully successful Plaintiff, rather than making a mechanical per-losing-claim deduction from an attorney's fee award (*Hensley,* 461 U.S. at 435, 103 S.Ct. 1933).

*Jordan*, 464 F.3d at 604. I conclude those principles apply here as well. In this case, Plaintiff was successful on the FLSA claims, as well as two state law claims, and Defendant argues that 2/3 of the settlement was for those state law claims. However the case did involve a common core of facts such that the same work would have been done even if there was only a federal claim. Further the time entries appear to relate to the FLSA claim. They themselves do not appear to me to relate specifically to the state court claims.

There is specific reference by Defendant to correspondence and efforts related to recovery of a computer in Plaintiff's possession that may have contained confidential information of the Defendant's medical practice. Defendant asserts some ten hours of time was billed related to this problem. It appears to me that this attempt to recover the computer would more likely relate to the FLSA case as opposed to the state law claims which alleged an assault and battery and outrageous conduct but it is not absolutely clear. I think it is fair to say that no matter what claims were brought, this issue would have arisen. In other words, this issue would have arisen if Plaintiff had only sought recovery on the FLSA claim. I therefore decline to recommend reduction of the fee on this basis.

2) Defendant next argues Plaintiff's attorneys overstaffed the case. I disagree. Mr. Knox sought the assistance of Stephen W. Grace whose affidavit reflects he is primarily involved in employment litigation. Mr. Grace has more than twice the years of experience of Mr. Knox and

7

has expertise in these cases having numerous cases under the FLSA (Docs. 23, 24). It is quite common for two attorneys to work on the same case, especially one that is likely to be complex. I do not conclude there was overstaffing of the case. In fact, the total fees requested do not appear out of line, as attested to by affidavits in the file, and I see no signs of duplication of efforts from the time records.

3) Defendant next argues the hourly rates are excessive. I disagree. Plaintiff supports the reasonableness of the fees by affidavits from attorneys Yezbak, Janney and Burton, all of whom attest to the reasonableness of the hourly rate and the reasonableness of the services performed (Docs. 25, 27, 28). I have previously awarded Mr. Knox fees at the rate of $275.00 per hour in a case tried in this court within the last year. Although Defendant points to other cases where lower fees were awarded, in this case there are affidavits that provide ample support for the reasonableness of these fees.

4) Plaintiff next argues the travel time for attorneys should be reduced. I respectfully decline to accept the invitation to reduce the number of hours requested by travel time in light of the fact that there was only one scheduling conference and only one of the attorneys has billed for that conference. The judges of this district typically insist that one of the attorneys for a party be present for these conferences. In light of that, I will allow fees for the presence of the one attorney.

5) Finally, Defendant Plaintiff's attorney's fees for the time his counsel spent preparing, filing, and litigating his application for attorney's fees should be reduced. I agree. The Sixth Circuit has set a limit on the amount of attorney's fees which may be awarded for litigating the attorney's fee issue:

8

> The cases from this and other circuits uniformly hold that a lawyer should receive a fee for preparing and successfully litigating the attorney fee case after the original case is over, although in the private market place, lawyers do not usually charge, and clients do not usually pay, for the time it takes lawyers to calculate their fees. *See* cases collected and discussed in *In re Nucorp Energy, Inc*., 764 F.2d 655, 660 (9th Cir.1985). The legislative intent behind attorney fee statutes, however, was to encourage lawyers to bring successful civil rights cases, not successful attorney fee cases. The attorney fee case is not the case Congress expressed its intent to encourage; and in order to be included, it must ride piggyback on the civil rights case.
>
> ...**In the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial** and should not exceed 5% of the hours in the main case when a trial is necessary. Such guidelines and limitations are necessary to insure that the compensation from the attorney fee case will not be out of proportion to the main case and encourage protracted litigation.

*Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) (emphasis added); *see also, Jaguar Cars v. Cottrell*, 1999 WL 1711083 * 1 (E.D. Ky 1999) (same). There was nothing particularly unusual or novel about this case in terms of requesting attorney's fees, and the case law concerning awards of attorney's fees under the federal fee shifting statutes has long been settled. Plaintiff's award of fees for time spent litigating the fee issue is circumscribed by the three percent limit enunciated in *Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986). Reducing the allowed fees to a limit of 3% of the total time requested for each attorney is approximately met by reducing the time for each attorney by one hour. I recommend that fees be allowed for Kerry Knox at the rate of $275.00 per hour for 35.6 hours and that fees be allowed for Stephen W. Grace at the rate of $395.00 per hour for 13.2 hours for a total fee award of $15,004.00

While the total amount of attorney's fees, $15,004.00 approximately equals the settlement amount of $15,000.00, I do not consider the fee award excessive in light of the results obtained.

The level of success that Plaintiff attained justifies the hours reasonably expended as a satisfactory basis for making a fee award. I conclude the amount of preparation Plaintiff's counsel put into the case was necessary to achieve a settlement for more than mere nuisance value and that the fee is not excessive.

## IV. Conclusion

For the reasons stated herein, it is RECOMMENDED that Plaintiff's motion for attorney's fees and expenses be GRANTED and that the Plaintiff be AWARDED attorney's fees in the amount of $15,004.00 and expenses in the amount of $322.50 for a total award of $15,326.50.[2]

S /*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).